UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

RENETTA L. TAYLOR                   PLAINTIFF

v.                 CIVIL ACTION NO. 3:13-CV-00361-CRS

JEWISH HOSPITAL & ST. MARY'S
HEALTHCARE, INC., ET AL.               DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court on a motion to remand (DN 15) filed by Plaintiff Renetta L. Taylor ("Plaintiff"), Administratrix of the Estate of Brandon L. Pillow, against the Defendants, Jewish Hospital & St. Mary's Healthcare, Inc. ("Jewish"), University Medical Center, Inc., Physicians in Emergency Medicine, P.S.C., University Emergency Medicine Associated, P.S.C., Robert L. Falk, M.D., and Richard G. Waggener, M.D. (collectively "Defendants"). For the reasons set forth below, the Court will deny the motion to remand.

**BACKGROUND**

The following facts are undisputed. On October 17, 2011, Plaintiff filed this medical negligence action in Jefferson County Circuit Court alleging that the Defendants negligently failed to provide medical care necessary to prevent her son's death. On March 12, 2013, Judge Mitch Perry granted Plaintiff leave to file her Fourth Amended Complaint ("Complaint"), which asserted for the first time that Defendants owed a duty under the Emergency Medical Treatment and Active Labor Act ("EMTALA") to provide appropriate medical screening and stabilizing

1

treatment for her son. After being served with Plaintiff's Complaint, on March 22, 2013, the Defendants removed the action to this Court on the basis of federal question jurisdiction. On April 11, 2013, Plaintiff moved to remand the action to Jefferson County Circuit Court, claiming that this Court lacks federal question jurisdiction to the extent that she did not intend to assert a separate claim for relief under EMTALA. Having reviewed the parties' briefs and being otherwise sufficiently advised, the Court will now consider Plaintiff's Motion to Remand.

**STANDARD**

28 U.S.C. § 1441(a) provides that an action is removable only if it could have originally been brought in federal court. Thus, "a district court must remand a removed case if it appears that the district court lacks subject matter jurisdiction." *Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 913 (6th Cir. 2007). In determining the propriety of remand, a court must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal. *See Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996).

Federal question jurisdiction exists only in cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a claim arises under federal law is governed by the "well-pleaded complaint" rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, (1987). However, "the plaintiff is the master of the claim," *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 157 (6th Cir.1993) (quoting *Smolarek v. Chrysler Corp.*, 879 F.2d 1326, 1329 (6th Cir. 1989) (internal quotation marks omitted), and "the fact that the wrong asserted could be addressed under either state or federal law does not… diminish the plaintiff's right to choose a state law cause of action." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 943 (6th Cir. 1994). Thus, federal question jurisdiction requires not only that

the plaintiff *could have* asserted a federal claim, but also that the plaintiff has in fact *chosen* to characterize his claim as arising under federal law.

## DISCUSSION

The sole issue presented for the Court's resolution is whether Plaintiff's Complaint states a federal claim upon which removal may be justified. For the reasons set forth below, the Court concludes that Plaintiff's Complaint states a federal claim under EMTALA and that Plaintiff's Motion to Remand must therefore be denied.

Under EMTALA, any hospital with an emergency department must provide individuals requesting "examination or treatment for a medical condition" with an "appropriate medical screening examination… to determine whether.. an emergency medical condition… exists." 42 U.S.C. § 1395dd(a). If "the hospital determines that the individual has an emergency medical condition, the hospital must provide… further medical examination and such treatment as may be required to stabilize the medical condition…" 42 U.S.C. § 1395dd(b)(1). To enforce these provisions, EMTALA creates a private right of action arising under federal law which provides:

> Any individual who suffers personal harm as a direct result of a participating hospital's violation of a requirement of this section may, in a civil action against the participating hospital, obtain those damages available for personal injury under the law of the State in which the hospital is located, and such equitable relief as is appropriate.

42 U.S.C. § 1395dd(d)(2)(A).

On its face, Plaintiff's Complaint contains all the necessary elements for stating a claim under EMTALA. Paragraph 17 alleges that "Jewish… is a participating hospital subject to the requirements and statutory duties imposed by [EMALTA]," and Paragraph 19 asserts that Jewish "was under a duty imposed by EMALTA to provide an appropriate medical screening examination within the capability of the hospital's emergency department… to determine whether an emergency medical condition exists." Paragraphs 20 and 21 state that Jewish

breached its duties under EMALTA by failing to provide Plaintiff's son with an appropriate medical screening and stabilizing treatment. Finally, Paragraph 29 alleges that "as a direct result of the negligence of the Defendants…, the decedent… was caused to suffer extreme pain and suffering and resulting death…" Taken together, these paragraphs amount to a claim that Plaintiff's son is "[a]n[] individual who suffer[ed] personal harm as a direct result of a participating hospital's violation" of EMTALA. 42 U.S.C. § 1395dd(d)(2)(A).

Nevertheless, Plaintiff argues in her briefs that she did not intend to assert an independent claim for relief under EMTALA, but instead merely sought to incorporate EMTALA's standard of care into her state law negligence claim. The Court finds this argument unavailing. Although it is true that "the plaintiff is the master of the claim," *Gafford v. General Elec. Co.*, 997 F.2d 150, 157 (6th Cir.1993), the plaintiff must exercise his mastery in the complaint itself, not via statements made for the first time in his briefs. In other words, even though Plaintiff now appears willing to pursue relief based solely on her state-law negligence claim, the fact that her Complaint clearly states a claim for relief under EMTALA precludes her from doing so. Had Plaintiff requested leave to amend her Complaint to clearly reflect that she did not intend to assert a claim under EMTALA, the situation may well be different. Because Plaintiff has not done so, however, the Court lacks an adequate basis for going beyond the face of Plaintiff's Complaint in determining whether a federal question has been presented. For these reasons, the Court concludes that Plaintiff's Complaint states a federal claim arising under EMTALA and that the Defendants have therefore properly invoked this Court's federal question jurisdiction.

Moreover, because Plaintiff's state-law causes of action are so related to her EMTALA claim that they form part of the same case or controversy, this Court has supplemental jurisdiction over Plaintiff's related state-law claims pursuant to 28 U.S.C. § 1367(a).

Accordingly, the Court finds that this case was properly removed to federal court pursuant to 28 U.S.C. § 1441(a). Therefore, Plaintiff's Motion to Remand must be denied.

A separate order will be entered in accordance with this opinion.

**Charles R. Simpson III, Senior Judge**
**United States District Court**

October 30, 2013