UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

RENETTA L. TAYLOR                                                                PLAINTIFF

v.                                               CIVIL ACTION NO. 3:13-CV-00361-CRS

JEWISH HOSPITAL & ST. MARY'S
HEALTHCARE, INC., ET AL.                                                       DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on an unopposed motion to remand (DN 50) filed by Plaintiff Renetta L. Taylor ("Plaintiff") against Defendants Jewish Hospital and St. Mary's Healthcare, Inc. ("Jewish"), and University Medical Center ("UMC") (collectively "Defendants"). For the reasons set forth below, the Court will grant the motion to remand.

## DISCUSSION

On June 11, 2014, we granted summary judgment in favor of Defendants on all of Plaintiff's claims except for her state-law medical negligence claim against Jewish. On June 17, 2014, Plaintiff moved to remand the action to Jefferson County Circuit Court on the grounds that the exercise of supplemental jurisdiction was no longer appropriate under 28 U.S.C. § 1367(c)(3), which provides that a district court "may decline to exercise supplemental jurisdiction over a claim… if the district court has dismissed all claims over which it has original jurisdiction." In *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, the Sixth Circuit explained that "When all federal claims are dismissed before trial, the balance of considerations usually will

point to dismissing the state law claims, or remanding them to state court if the action was removed," unless "some prejudice" will arise "from relegating the case for trial in the state court." 89 F.3d 1244, 1254–55 (6th Cir. 1996) *amended on denial of reh'g*, 95-5120, 1998 WL 117980 (6th Cir. Jan. 15, 1998). Because Plaintiff's federal and state law claims "are conceptually distinct, and resolution of one does not affect resolution of the other," *Green v. Nicholas Cnty. Sch. Dist.*, 756 F. Supp. 2d 828, 834 (E.D. Ky. 2010) (quoting *Fed. Exp. Corp.*, 89 F.3d at 1256), we will decline to exercise supplemental jurisdiction over Plaintiff's state-law medical negligence claim. Accordingly, the Court will grant the motion to remand.

A separate order will be entered in accordance with this opinion.

**Charles R. Simpson III, Senior Judge**
**United States District Court**

August 1, 2014